### SEAVER v. WM. FILENE'S SONS CO.

### No. 600.

District Court, D. Massachusetts.

March 14, 1941.

Arthur D. Thomson (of Thomson & Thomson), of Boston, Mass., for plaintiff.

John E. Peakes and Nutter, McClennen & Fish, all of Boston, Mass., and Theodore E. Simonton, of Syracuse, N. Y., for defendant.

McLELLAN, District Judge.

This action is for infringement of design patent 111,775 and for unfair competition.

#### Findings of Fact.

In accordance with the stipulation on file, I find:

(1) Plaintiff, William Seaver, is the owner of United States Letters Patent No. Des. 111,775, issued to him on October 18, 1938, for a design for a translucent candle.

(2) The defendant, Wm. Filene's Sons Company, is a Massachusetts corporation having its principal place of business in Boston, Massachusetts, and said defendant did between the date of issue of the aforesaid letters patent and the filing of the complaint herein sell candles similar in all its essential respects to the "Crystalite"

candle filed with the complaint herein and marked Exhibit C, such candles having been manufactured by Will & Baumer Candle Co., Inc. of Syracuse, New York.

(3) Said Will & Baumer Candle Co., Inc., the manufacturer of the candles herein complained of, is defending this suit in behalf of its customer, Wm. Filene's Sons Company, and agrees to be bound by any judgment entered herein.

I find further as follows:

The patent in suit is for a design for a translucent candle substantially as shown in the drawings annexed hereto. In these

*Fig. 1*

*Fig. 2*

*Inventor:*
WILLIAM SEAVER
by *Thomson & Thomson*
*his attys.*

*Fig. 3*

*Inventor*
*William Seaver*
*by Thomson & Thomson*
*his attys.*

drawings, Fig. 1 is a top view, Fig. 2 is a side elevation view, and Fig. 3 a vertical midsectional view. The drawings show a candle, cylindrical in shape, wide in proportion to its height, and having a concave top. In the middle of this concave top is a raised portion through the center of which projects the candle's wick. On the cylindrical portion of the candle shown in the drawings are irregularly scattered lumps resembling "tear drops".

In December, 1937, the plaintiff had begun the manufacture and sale of candles similar to those described in his patent, and continued thereafter so to do. They were sold under the trade-name "Color Glow Candles". The Will & Baumer (defender's) candles were sold under the trade-name "Crystalite". Both kinds of candles were packed in square boxes differing in color, and each set of boxes was plainly labelled with the respective names and trade-marks of the manufacturer. No trade-mark infringement nor unfair packaging is here shown or asserted.

The unfair competition charged is in substance the defendant's "selling and offering for sale translucent candles similar in all essential respects to the distinctive shape and appearance of plaintiff's 'Color Glow' candles, and by representing and passing off said 'Crystalite' candles as and for the 'Color Glow' candles which defendant had previously sold."

764

The plaintiff's "Color Glow" candle is cylindrical in shape, 4¼ inches in diameter, and 3⅝ inches high, with a slightly concave top having a low central mound through which the wick projects. This shape of the top is due to the method of manufacture, which consists of pouring molten paraffin wax into a cylindrical mould in which the wick is suspended. When the matter in the mould cools, it solidifies, and its shrinkage makes it possible readily to remove the solid candle from the mould. The candle is made in one of several colors by the addition of suitable coloring materials to the paraffin wax before pouring. Having been removed from the mould, the "tear drops" of clear molten paraffin wax are permitted to fall on its cylindrical surface.

The Will & Baumer "Crystalite" candle (exemplified by Exhibit C filed with the complaint) is also cylindrical in shape, 4 inches in diameter, and 3½ inches high, and being manufactured by the same process, which is old, has a top shaped like that of the plaintiff's candle. The "Crystalite" candles are marketed in several colors which are not identical with the plaintiff's colors, and are also sold in white. These candles are decorated with a white crystalline coating obtained by dripping the candle in a mix consisting predominantly of stearic acid with some paraffin, a mix which has been used for many years by defendant in the manufacture of candles.

At the trial, counsel referred to the plaintiff's product as the "tear drop candle", and to the defender's product as the "frosted candle". These names serve to indicate accurately the apparent differences between the respective decorations. The "tear drops" consist of spattered drops of clear wax spaced from each other and contrasting with the colored candle. The Crystalite decoration is a substantially continuous non-uniform white coating with irregular projections and resembles a heavy deposit of frost which partially obscures the underlying color of the candle. There is no such similitude between the coatings as to confuse or deceive anybody.

Decorated candles are old, as the prior art adduced at the trial, and which need not here be described in detail, shows. Illustrative decorated candles of the prior art are shown in the Will & Baumer circular, defendant's Exhibit F, and two such candles are in evidence as Exhibits G and H. A coating similar to that of the "Crystalite", candle, though thicker and with more pronounced projections, appears on the German candle, defendant's Exhibit K, which had been in the possession of the Will & Baumer Company for many years.

Candles of varying shapes and sizes are old in the art. There is nothing about the size or shape of the plaintiff's "Color Glow" candle amounting to invention.

Neither candle's translucence, such as it is, is due to anything more than the use of paraffin wax in its manufacture, and that use is old. See Brown Patent 1,831,902 issued November 17, 1931, and Root Patent 1,937,393, both appearing in defendant's book of patents Exhibit U.

It may be that by reason of the charge of unfair competition (heretofore described) being linked with the charge of patent infringement, this court has jurisdiction of both alleged causes of action. Accordingly, the evidence bearing on the alleged unfair competition has been considered. In this connection I find that neither Wm. Filene's Sons Company nor Will & Baumer Candle Company, Inc., represented or passed off the "Crystalite" candles as and for the plaintiff's "Color Glow" candles. As heretofore stated, the "Crystalite" containers differed in color from the plaintiff's boxes and were plainly labelled with the manufacturer's name.

As to the candles themselves, though similar in shape, they differed as to their decorative features as above indicated. The "Crystalite" candles were not of such a character as to lead the public to confuse them with the plaintiff's product.

Insofar as they may be regarded as findings of fact as opposed to conclusions of law, I find further on all the evidence as follows:

(1) A candle of the shape, size, and translucence described in the plaintiff's design patent would not rise to the dignity of a new and useful invention.

(2) The "tear drops" are essential to the combination, and the patent must either be limited to a decoration of that kind or be invalidated for want of novelty or lack of invention.

(3) If the patent in suit is limited to a candle having a decoration like or closely approximating the "tear drops" of plaintiff's candle, the defender's "Crystalite" candle with its frosted coating does not infringe it.

(4) The plaintiff's charge of unfair competition is not sustained.

### Conclusions of Law.

█ As stated in Knapp v. Will & Baumer Co., 2 Cir., 273 F. 380, 382, "in a design patent, as in a mechanical patent, the subject-matter must be novel, and must have called for an exercise of the inventive faculties. If either of these essentials is absent, the patent cannot be sustained.

"In order that there may be novelty, the thing must not have been known to any one before. Mere novelty of form is insufficient."

██ ·Upon the basis of the findings of fact heretofore made, I conclude as a matter of law that the plaintiff's patent, limited as it must be in order to be deemed valid, is not infringed, and that the plaintiff can recover nothing in connection with the charge of unfair competition.

Judgment is to be entered for the defendant.

As to costs, the parties have agreed that "the cost of transcribing a typewritten copy of the record for the use of the Court shall be divided equally between the parties in the first instance, and ultimately taxed as costs herein". If that expense has been divided equally between the parties, the portion paid by the defendant should be taxed against the plaintiff. Save for this, no costs are to be awarded to either party.